UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-00501-FDW-DCK

| | |
|---|---|
| MARK BLISS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)   ORDER<br>ANSON COUNTY, CHEVONNE )<br>WALLACE, and MARK HAMMONDS, )<br>)<br>Defendants. )<br>) | |

THIS MATTER is before the Court on several pending motions: "Emergency Motion to Quell Unlawful Judgment," (Doc. No. 3); "Motion for Continuance & Motion to Invalidate State Ruling & Possible Change of Venue?," (Doc. No. 5); "Motion: to invalidate contempt order . . . Motion: to stay or invalidate unlawful dispersion of funds . . . Motion: For continuance . . . ," (Doc. No. 6); and "Motion for Continuance and Interrogatories," (Doc. No. 8). After careful review, and for the reasons set forth below, Plaintiff's Motions are DENIED.

Plaintiff Mark Bliss ("**Plaintiff**"), who appears *pro se*, filed his Complaint against Defendants Anson County, North Carolina District Judge Chevonne Wallace, and North Carolina Clerk of Superior Court Mark Hammonds (collectively "**Defendants**"), on September 27, 2022, alleging causes of action arising out of his appearance in District Court in Anson County, North Carolina. (Doc. No. 1, p. 10). On that same day, Plaintiff paid the required filing fee and the Clerk's office mailed to Plaintiff summons for Defendants Hammonds and Wallace to Plaintiff, for Plaintiff to serve on Defendants. (Doc. No. 2). Plaintiff filed his "Emergency Motion to Quell Unlawful Judgment" on October 31, 2022, (Doc. No. 3); his "Motion for Continuance & Motion

1

to Invalidate State Ruling & Possible Change of Venue?" on December 19, 2022, (Doc. No. 5); his "Motion: to invalidate contempt order . . . Motion: to stay or invalidate unlawful dispersion of funds . . . Motion: For continuance . . ."[1] on January 3, 2023, (Doc. No. 6); and his "Motion for Continuance and Interrogatories," on January 11, 2023. To date, this Court has not received an affidavit of service from Plaintiff as to any of the Defendants named in this action.

The Federal Rules of Civil Procedure require that all written motions, except those a court may hear *ex parte*, must be served on all parties. FED. R. CIV. P. 5(a)(1)(C). Rule 5 further outlines how a party must effectuate service of such motions. FED. R. CIV. P. 5(b). Finally, Rule 5 provides that "[a]ny paper after the complaint that is required to be served must be filed no later than a reasonable time after service," and "a certificate of service must be filed with it or within a reasonable time after service." FED. R. CIV. P. 5(d)(1)(A)–(B)(i). Here, Plaintiff has failed to file an affidavit of service for the Summons and Complaint as to any of the Defendants, and he has similarly failed to present any evidence demonstrating that he served Defendants with the four Motions at issue. Therefore, Defendant has failed to satisfy the requirements of Rule 5 of the Federal Rules as to his four pending motions. Accordingly, Plaintiff's Motions are DENIED.

---

[1] Plaintiff's third Motion, which can be found in the body of an email Plaintiff printed and mailed to this Court, puts forward four requests as follows:
    All pursuant to 3:22-cv-501 FDW
1. Motion: to invalidate contempt order due to multiple infractions of guaranteed (Constitutional Civil rights)(court proceedings)
2. Motion: to stay or invalidate unlawful dispersion of funds/either or dependent upon conclusion of above referenced suit.
3. Motion: For continuance due to both counties unwillingness to abide by lawful FOIA requests(not to be held against plaintiff should need for continuance again arise).
4. In the event that the Federal court will not put a stay on the unlawful contempt order, then a change of venue is required ! outside the jurisdiction of NC courts.
    I do not wish to be arrested and accidentally killed.

(Doc. No. 6, p. 1).

Further, Rule 4 of the Federal Rules of Civil Procedure provides: "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). The Rule further clarifies that the person making service must be at least eighteen years old and not a party to the action, and it also outlines how a plaintiff shall effectuate service on all defendants named in the action. FED. R. CIV. P. 4(c)(2), 4(e)–(j). Finally, Rule 4(m) requires service to occur within ninety (90) days after a complaint is filed, or the action is subject to dismissal by the court. FED. R. CIV. P. 4(m). Here, more than ninety days has elapsed since Plaintiff's Complaint was filed on September 27, 2022, and Plaintiff has failed to provide proof of service as outlined in Rule 4(l) of the Federal Rules of Civil Procedure. While "failure to prove service does not affect the validity of service," Fed. R. Civ. P. 4(1)(3), without proof of service, the Court can only conclude that service has not taken place. Absent a showing of good cause, failure to serve a defendant within this time frame permits the Court to "dismiss the action without prejudice against that defendant. . .." Fed. R. Civ. P. 4(m).

Accordingly, **Plaintiff is hereby ORDERED to SHOW CAUSE within twenty-one (21) days, or until February 2, 2023, why service was not completed within the required time limit, or, if Defendants have been served, to provide an affidavit of service as provided for in Rule 4(l) of the Federal Rules of Civil Procedure.** Plaintiff is further cautioned that failure to adequately and timely respond will result in dismissal of this action.

Finally, the Court notes that the record demonstrates a pattern of vexatious, harassing, and repetitive filings that fail to comply with any of the pleading requirements of the Federal Rules of

3

Civil Procedure.[2] See, e.g., FED. R. CIV. P. 8, 10. **Plaintiff is hereby CAUTIONED that future frivolous, untimely, or otherwise improper filings could subject him to sanctions, monetary or otherwise, and/or a prefiling injunction that could limit his ability to submit filings in this Court without advance approval by the Court.** See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40-41 (4th Cir. 1995) (affirming district court's default sanction for violation of Fed. R. Civ. P. 37 and reiterating "the significance of warning a [party] about the possibility of default before entering such a harsh sanction . . . [because] a party is entitled to be made aware of the drastic consequences of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid the sanction." (cleaned up); see also 28 U.S.C. § 1651(a); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817-20 (4th Cir. 2004) ("[E]ven if a judge, after weighing the relevant factors, properly determines that a litigant's abusive conduct merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." (citations omitted)).

IT IS THEREFORE ORDERED that Plaintiff's "Emergency Motion to Quell Unlawful Judgment," (Doc. No. 3); "Motion for Continuance & Motion to Invalidate State Ruling & Possible

---

[2] For example, Plaintiff's first Motion states:
> All, I was denied my lawful right to appeal and now the co/state are pretending that it never occurred even though, filed in a timely manner(day before allotted allowance).witnessed and attested by affidavits(upon request).
> I will hand deliver despite the danger to my life, been raided 4 times, without a warrant(all dispelled lawfully)
> I have pictures making the Anson co sheriff complicit with grand larceny (might be why they are trying to find an excuse to kill me as promised).
> I provided this by e commerce (Because I am in fear of my life) signed into law by GW bush (Pres. Order, Federal) senior circa 99.
> We are to be finished killing trees, by now!
> They wish to pretend the have not received them(I have them all Bibliographies)
> Furthermore, I went down with witness(smart afterthought) and magically appeared not only the 2 door officers but 3 additional officers.
> in order to carry an empty wooden file cabinet with no doors 2.5'x3' (kind of curious) . . .

(Doc. No. 3-1, p. 1 of 23). The additional three Motions make similar assertions.

Change of Venue?," (Doc. No. 5); "Motion: to invalidate contempt order . . . Motion: to stay or invalidate unlawful dispersion of funds . . . Motion: For continuance . . . ," (Doc. No. 6); and "Motion for Continuance and Interrogatories," are DENIED.

IT IS FURTHER ORDERED that Plaintiff is ORDERED to SHOW CAUSE within twenty-one (21) days, until and including February 2, 2023, why service was not completed within the time and in the manner required by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Signed: January 12, 2023

Frank D. Whitney
United States District Judge