UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-CV-00501-FDW-DCK

| | |
|---|---|
| MARK BLISS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>ANSON COUNTY, CHEVONNE )<br>WALLACE, and MARK HAMMONDS, )<br>)<br>Defendants. ) | ORDER |

THIS MATTER is before the Court following Plaintiff's failure to show cause why the Complaint against Defendants should not be dismissed for failure to properly serve Defendants as required by the Federal Rules of Civil Procedure. (Doc. No. 9). This Court previously entered a show cause order directing Plaintiff to SHOW CAUSE, by February 2, 2023, why service was not completed within the required time limit, or if Defendants had been served, to provide an affidavit of service as provided for by Rule 4(l) of the Federal Rules of Civil Procedure. (Id., p. 3). Plaintiff was cautioned that failure to timely respond would result in dismissal of this action against all Defendants. (Id.). Plaintiff has not filed any response, and the time for doing so has expired.

Instead, Plaintiff filed a *pro se* Motion for Emergency Release on February 2, 2023, (Doc. No. 10), and a *pro se* letter with a number of questions for the Court on February 10, 2023, (Doc. No. 11). Neither of these filings address Plaintiff's failure to properly serve Defendants in this matter as required by the Federal Rules of Civil Procedure; rather, they request relief for Plaintiff's assertion that he is being "unlawfully held in a civil contempt order in which [he] has been denied appeal." (Doc. No. 10). Because Plaintiff did not respond to this Court's February 2, 2023, Show

1

Cause Order, and because the record demonstrates that Plaintiff has failed to serve Defendants with any of the filings in this action, he has failed to comply with the service requirements outlined by Rule 4 of the Federal Rules of Civil Procedure.

Therefore, for the reasons stated in the Show Cause Order, (Doc. No. 9), as well as Plaintiff's failure to timely respond to that Order, this matter is DISMISSED WITHOUT PREJUDICE. Accordingly, Plaintiff's Motion for Emergency Release (Doc. No. 10) is DENIED as MOOT.[1]

Finally, **Plaintiff is once again CAUTIONED that future frivolous, untimely, or otherwise improper filings could subject him to sanctions, monetary or otherwise, and/or a prefiling injunction that could limit his ability to submit filings in this Court without advance approval by the Court.** (Doc. No. 9); see Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40-41 (4th Cir. 1995) (affirming district court's default sanction for violation of Fed. R. Civ. P. 37 and reiterating "the significance of warning a [party] about the possibility of default before entering such a harsh sanction . . . [because] a party is entitled to be made aware of the drastic consequences of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid the sanction." (cleaned up); see also 28 U.S.C. § 1651(a); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817-20 (4th Cir. 2004) ("[E]ven if a judge, after weighing the relevant factors, properly determines that a litigant's abusive conduct

---

[1] Further, the Court notes that pursuant to the *Rooker-Feldman* Doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. District of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Instead, jurisdiction to review such decisions lies with superior courts and, ultimately, the United States Supreme Court. See 28 U.S.C. § 1257(a). As such, it does not appear that this Court has jurisdiction over Plaintiff's Motion.

merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." (citations omitted)).

  IT IS THEREFORE ORDERED that Plaintiff's Motion for Emergency Release, (Doc. No. 10), is DENIED as MOOT.

  IT IS FURTHER ORDERED that this matter is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is hereby DIRECTED to CLOSE THIS CASE.

  IT IS SO ORDERED.

Signed: February 13, 2023

_____
Frank D. Whitney
United States District Judge

3